AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Feb 21, 2024
OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT
### for the
### Western District of Arkansas
### El Dorado Division

In the Matter of the Search of:
Contents of and Information Associated with the Snapchat Account Bearing Username big_d2022191 that is Stored at Premises Owned, Maintained, Controlled, or Operated by Snapchat, Inc.

Case No. 1:24-cm-10

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*: See Attachment A. This Court has authority to issue this warrant under 18 U.S.C. § 2711, 18 U.S.C. §§ 2703(a), (b)(1)(A) and (c)(1)(A). Specifically, the Court of the Western District of Arkansas is "a district court of the United States...that -has jurisdiction over the offense being investigation." 18 U.S.C. § 2711(3)(A)(i).

located in the Central District of California, there is now concealed *(identify the person or describe the property to be seized)*: See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 2252A(a)(2) | Receipt and Distribution of Child Pornography |
| 18 USC 2252A(a)(5)(B) | Possession of Child Pornography or Access with Intent to View Child Pornography |

The application is based on these facts:

☑ Continued on the attached sheet. **See affidavit of FBI Special Agent Warren W. Roony.**

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Warren W. Rooney (telephonically)
Applicant's signature

Warren W. Rooney, FBI Special Agent
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone *(specify reliable electronic means)*.

Date: February 21, 2024

Judge's signature

City and state: Texarkana, Arkansas

Honorable Barry A. Bryant, U.S. Magistrate Judge
Printed name and title

## ATTACHMENT A

### DESCRIPTION OF LOCATION TO BE SEARCHED

This warrant applies to the contents of and information associated with Snapchat account bearing username **big_d2022191,** a certain account that is stored at premises owned, maintained, controlled, operated by Snapchat, Inc., a social media provider headquartered at 2772 Donald Douglas Loop North, Santa Monica, CA 90405, **between the time period of June 25, 2023 to the present.**

## ATTACHMENT B

### Particular Things to be Seized

**I. Information to be disclosed by Snapchat, Inc.**

To the extent that the information described in Attachment A is within the possession, custody, or control of Snapchat, Inc., including any text, image, or video messages, records, files, logs, or information that have been deleted but are still available to Snapchat, Inc., or have been preserved pursuant to a request made under 18 U.S.C. §2703(f), Snapchat, Inc. is required to disclose the following information to the government for each user name listed in Attachment A from the time period of June 25, 2023, to present:

 (a) All contact and personal identifying information, including full name, user name, birth date, gender, contact e-mail addresses, Snapchat passwords, physical address (including city, state, and zip code which may be retained in the form of billing information), telephone numbers, websites visited before and after navigating to the Snapchat website, and other personal identifiers.

 (b) All activity logs for the account and all other documents showing the user's posted photographs, messages and other Snapchat activities;

 (c) All profile information including friends, channels viewed and search queries entered.

 (d) All other records of communications and messages made or received by the user, including all data regarding sent or received messages.

 (e) All IP logs, including all records of the IP addresses that logged into the account;

 (f) All geolocation data including GPS, cell tower, wireless networks and Wi-Fi access points.

(g) The length of service (including start date) and the means and source of any payments associated with the service (including any credit card or bank account number); and

(h) All records pertaining to communications between Snapchat and any person regarding the user or the user's Snapchat account, including contacts with support services and records of actions taken.

## II.   Information to be seized by the government

The following materials which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of Title 18, United States Code, Sections 2252A(a)(1), Transportation of Child Pornography; 2252A(a)(2), Receipt and Distribution of Child Pornography; and Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography or Access with Intent to View Child Pornography.

(a) Included, but not limited to, any and all sexually explicit images of minors;

(b) Evidence indicating how and when the Snapchat account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Snapchat account owner;

(c)   Evidence indicating the Snapchat account owner's state of mind as it relates to the crime under investigation; pertaining to the production, possession, receipt, enticement or distribution of child pornography.

(d) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

(e) The identity of the person(s) who communicated with the user ID about matters relating to the sexual exploitation of children or involving nude images of children being sent and received via the Internet or other means.

(f)   Any and all conversations, communications, contacts, messages, emails, posts, chats, or other evidence related to the possession, receipt, or distribution of child pornography.

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Warren W. Rooney, a Special Agent with the Federal Bureau of Investigation (FBI), being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with Snapchat username "big_d2022191" (hereinafter **SUBJECT ACCOUNT**), a certain account that is stored at premises controlled by Snapchat, Inc. (Snapchat), a social media provider headquartered at 2772 Donald Douglas Loop North, Santa Monica, CA 90405. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Snapchat, to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Section 2252A(a)(2), Receipt and Distribution of Child Pornography and Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography or Access with Intent to View Child Pornography as described in Section II of Attachment B.

2. I have been employed as a Special Agent (SA) of the FBI since July 2022. I was previously employed as a Commissioned Officer in the United States Marine Corps. I am currently assigned to the El Dorado Resident Agency of the Little Rock Division within the FBI. During my employment with the FBI, I have received training concerning and been involved in the investigations of numerous federal offenses to include violations of violent crimes against children involving human trafficking, enticement,

and child prostitution, as well as child pornography offenses including production, transportation, receipt, distribution, advertisement, or possession.

3. The statements in this affidavit are intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this Affidavit, there is probable cause to believe that evidence of the alleged violations of Title 18, United States Code, Section 2252A(a)(2), Receipt and Distribution of Child Pornography and Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography or Access with Intent to View Child Pornography relating to the sexual exploitation of minors as defined in Title 18, United States Code, Section 2256, is located in the **SUBJECT ACCOUNT**.

5. The statements in this affidavit are based in part on information provided by the National Center for Missing and Exploited Children (NCMEC), information relayed to me by other law enforcement officials, and my investigation of this matter. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that contraband and evidence, fruits, and instrumentalities of violations Title 18, United States Code, Sections 2252A(a)(1), Transportation of Child Pornography; 2252A(a)(2), Receipt and Distribution of Child Pornography; and 2252A(a)(5)(B), Possession of Child Pornography or Access with Intent to View Child Pornography are located in the **SUBJECT ACCOUNT**.

## STATUTORY AUTHORITY

6. This investigation concerns alleged violations of Title 18, United States Code, Sections 2252A(a)(1), Transportation of Child Pornography; 2252A(a)(2), Receipt and Distribution of Child

Pornography and Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography or Access with Intent to View Child Pornography.

   a. Title 18, United States Code, Section 2252A(a)(1) prohibits a person from knowingly transporting child pornography using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer.

   b. Title 18, United States Code, Section 2252A(a)(2) prohibits a person from knowingly receiving or distributing any material that contains child pornography using any means or facility of interstate or foreign commerce or that has been mailed or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

   c. Title 18, United States Code, Section 2252A(a)(5)(B) prohibits a person from knowingly possessing or knowingly accessing with intent to view, any book, magazine, periodical, film, video-tape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

   d. The term "minor," as defined in Title 18, United States Code, Section 2256(1), refers to any person under the age of eighteen years.

   e. The term "sexually explicit conduct," Title 18, United States Code, Section 2256(2)(A)(i-v), is defined as actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic areas of any person.

   f. The term "visual depiction," as defined in Title 18, United States Code, Section 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

g. The term "computer," as defined in Title 18, United States Code, Section 1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

h. The term "child pornography," as defined in Title 18, United States Code, Section 2256(8), means any visual depiction, including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where (a) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (b) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (c) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

## JURISDICTION

7. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711, 18 U.S.C. §§ 2703(a), (b)(1)(A) and (c)(1)(A). Specifically, the Court of the Western District of Arkansas is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

8. The National Center for Missing and Exploited Children ("NCMEC") is an organization that, among other things, tracks missing and exploited children, and serves as a repository for information about child pornography. Companies that suspect child pornography has been stored or transmitted on their systems can report that information to NCMEC in a CyberTipLine ("CT") report. To make such a report, a company providing services on the internet ("ISP") can go to an online portal that NCMEC has set up for the submission of these tips. The ISP then can provide to NCMEC information about the child exploitation activity it believes has occurred, including the incident type, the incident time, any screen or usernames associated with the activity, any IP address or port numbers it captured, as well as other information it may have collected in connection with the suspected criminal activity. Other than the

incident type and incident time, the remainder of the information the ISP provides is voluntary and undertaken at the initiative of the reporting ISP. The ISP may also upload to NCMEC any files it collected in connection with the activity. The ISP may or may not independently view the content of the files it uploads. NCMEC does not review the content of these uploaded files. Using publicly available search tools, NCMEC then attempts to locate where the activity occurred based on the information the ISP provides such as IP addresses. NCMEC then packages the information from the ISP along with any additional information it has, such as previous related Cyber Tips, and sends it to law enforcement in the jurisdiction where the activity is thought to have occurred.

9. On January 2, 2024, I received CT Report 165085021 from NCMEC by way of the Arkansas State Police (ASP) Internet Crimes Against Children (ICAC) Task Force, regarding online child pornography. In a CT Report submitted on or about June 25, 2023, Snapchat reported that the **SUBJECT ACCOUNT** had saved, shared, or uploaded two files of possible child pornography. The NCMEC report further specified that Snapchat had viewed both files and described each file as either Apparent Child Pornography or Child Unclothed. The FBI was provided a copy of the files saved, shared, or uploaded by the **SUBJECT ACCOUNT**. A review of CT Report 165085021 indicated the following:

   a. **NCMEC CyberTipline Report Number:** 165085021
   b. **Incident Date:** 06-25-2023 at 12:55:16 UTC
   c. **Username:** big_d2022191
   d. **Email Address:** kolby.girod420@gmail.com
   e. **IP Address:** 173.216.173.200 on 06-25-2023 at 12:34:42 UTC

10. A review of the two files as provided by Snapchat conducted on January 4, 2024, revealed that each are in photograph format. One photograph met the definition of child pornography, and the following is a description of that photograph file as observed:

a. A photograph depicting a pre-pubescent minor female, approximately 8-10 years old, naked and lying on her back. An adult male's erect penis is close to the minor female's face and the minor female appears to be looking at the adult male's erect penis. Filename: big_d2022191-None-fe5723c3-3474-52ec-84d3-018f2bae5d0f~40-c88d383289.jpg

11. Based on open-source research, the IP Address 173.216.173.200 is assigned to Suddenlink Communication. Pursuant an administrative subpoena issued by the ASP ICAC Task Force on October 2, 2023, Yaana Technologies, the authorized agent of CSC Holdings, LLC, identified the subscriber for the Suddenlink Communications account as Roni Morris, 1517 Pittman Road, Apartment 15, Magnolia, Arkansas, 71753, which is in the Western District of Arkansas.

12. Pursuant to an administrative subpoena issued by the FBI on or about January 8, 2024, Snapchat provided the following subscriber information for "big_d2022191":

   a. **Display Name:** Big Daddy

   b. **Email Address:** kolby.girod420@gmail.com (verified)

   e. **Registration IP Address:** 173.216.169.154 on 09-26-2022 at 03:557:47 UTC

   d. **Account Status:** Locked as of 06-25-2023 at 13:12:37 UTC.

13. Based upon the foregoing, there is probable cause to believe the **SUBJECT ACCOUNT** contains evidence related to the receipt, distribution, or possession of child pornography, and further investigation into the account contents is warranted.

## BACKGROUND ON SNAPCHAT INC.

14. Based on my training and experience, in addition to what I have learned from other sources, I have learned the following about the social media application Snapchat:

   a. Snapchat is headquartered at 2772 Donald Douglas Loop North, Santa Monica, CA 90405.

   b. Snapchat is a mobile phone application where users can take photos, record videos, add text and drawings, and send them to a controlled list of recipients. These sent photographs

and videos are known as "Snaps". Users can set a time limit for how long recipients can view their Snaps, after which they will be hidden from the recipient's device and deleted from Snapchat servers. Users also have the option of adding multiple Snaps to their "Story", which is a collection of Snaps displayed in chronological order.

c. Users can save sent and unsent Snaps, posted Stories, and photos and videos from their phone's photo gallery to "Memories". Memories is Snapchat's cloud-storage service, and the content is backed up by Snapchat and may remain in Memories until deleted by the user. These saved Memories are accessible by Snapchat unless encrypted by the user.

d. Snapchat asks users to provide basic contact and personal identifying information to Snapchat during the registration process. This information may include the user's chosen username, password, email address, phone number and date of birth. Snapchat may also ask a user for their true name and profile photograph. Further, third party commerce services using Snapchat may require a user's debit or credit card number and associated account information.

e. Once a user has set up an account, Snapchat continues to monitor and collect information regarding their usage. This information includes channels the user watches and search queries they submit. Snapchat also collects information regarding a user's mobile device connecting to Snapchat. This information includes hardware model, operating system version, unique application and device identifiers, internet browser type, wireless network, mobile network information and mobile phone number. Snapchat may also, with the user's permission, collect information from mobile device's contacts.

f. In order for Snapchat to send and upload a user's photographs, a user must grant Snapchat permission to access their mobile device's camera. Snapchat may, with the user's

        permission, collect location information including Global Positioning System (GPS), wireless networks, cell tower data and Wi-Fi access points.

    g. Snapchat users can send messages to each other through the application. Information regarding these messages may be collected and maintained by Snapchat including: the names, dates and times associated with each message, the frequency of communication between Snapchat users and metadata associated with the messages, such as the times messages were opened and if they included a photograph.

    h. Snapchat also retains Internet Protocol ("IP") logs for a given user. These logs may contain information about the actions taken by the user or IP address on the Snapchat website, including device information, access times, pages viewed, and the pages visited before and after navigating to the Snapchat website. For example, if a user views another Snapchat profile, that user's IP log would reflect the fact that the user viewed the profile and would show when and from what IP address the user did so. The IP address can be directly traced to the account holder of an Electronic Service Provider (ESP).

    15.    As explained herein, information stored in connection with a Snapchat account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, a Snapchat user's IP log, identifying information, device identification and other data retained by Snapchat, can indicate who has used or controlled the Snapchat account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, a user's contact information, and messaging logs, may be evidence of who used or controlled the Snapchat account at a relevant time. Further, Snapchat account activity can show how and when the account was accessed or used. For example, as described herein, Snapchat logs the geolocation from which users access their

accounts along with the time and date. By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the account access and use relating to the crime under investigation. Last, Snapchat account activity may provide relevant insight into the Snapchat account owner's state of mind as it relates to the offense under investigation. For example, information on the Snapchat account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

### INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

16. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Snapchat, Inc. to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B, government-authorized persons to review that information to locate the items described in Section II of Attachment B.

### CONCLUSION

17. From my training and experience, I know that the use of Snapchat is popular amongst individuals who distribute and receive child pornography because of the anonymity it allows users and the transient nature of images being shared. However, based on the illicit nature of child pornography, individuals who receive and distribute child pornography often save the images they receive since it is difficult to acquire new images.

18. Therefore, based on all of the foregoing and the facts as set forth in this affidavit, there is probable cause to believe that on computer systems owned, maintained, controlled and/or operated by Snapchat, Inc., there exists evidence of a crime, contraband, instrumentalities, and/or fruits of violations of criminal laws as specified herein, including identification of the person who used the electronic account described in Attachment A. The facts outlined above show that the **SUBJECT ACCOUNT** listed in

Attachment A has likely been used to violate Title 18, United States Code, Sections 2252A(a)(1), Transportation of Child Pornography; 2252A(a)(2), Receipt and Distribution of Child Pornography and Section 2252A(a)(5)(B), Possession of Child Pornography or Access with Intent to View Child Pornography. There is also probable cause to believe that the user of the **SUBJECT ACCOUNT** used the **SUBJECT ACCOUNT** to violate the aforementioned statutes in the Western District of Arkansas.

19. Because the warrant will be served on Snapchat, Inc., who will then compile the requested records at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service ore execution of this warrant.

Respectfully submitted,

/s/ Warren W. Rooney (telephonically)
Warren W. Rooney
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this 21st day of February, 2024.

_____
Honorable Barry A. Bryant
United States Magistrate Judge